IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH SERO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-03453-CV-S-SWH |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

ORDER

Pending before the Court is plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act (EAJA). (Doc. # 22) Plaintiff seeks approval for attorney fees in the amount of $7,155.20 representing 41.60 hours of attorney time at the rate of $170.00 per hour for work done in 2009 and $172.00 per hour for work done in 2010 and 2011. (Doc. # 22-1 at 2, doc. # 22-2 at ¶ 2) Plaintiff also seeks reimbursement of $350.00 for the filing fee. (Doc. # 22-2 at ¶ 2) Defendant does not object to the reimbursement of the filing fee, but objects to the payment of attorney fees under the EAJA on the basis that defendant's position was substantially justified. (Doc. # 25 at 1-3) Alternatively, if fees are awarded, defendant asks that the fees be reduced. (Doc. # 25 at 4-5)

The EAJA provides that:

> a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

I.     SUBSTANTIAL JUSTIFICATION

Citing Pierce v. Underwood, 487 U.S. 552 (1988), defendant claims that the position of the Commissioner, even though incorrect, was substantially justified as a reasonable person could think it correct, that is, it had a reasonable basis in law and fact. (Doc. # 25 at 1-3)  In support of its position,[1] the Commissioner points out that plaintiff's depression was not diagnosed during the relevant period, that his mental status evaluations stated "intact," and that it was plaintiff's duty to produce medical evidence supporting his claim.  (Doc. # 25 at 2-3)  As further evidence that its position was substantially justified, the Commissioner cites to the Court's statements during oral argument that this was a "close question" and that the Court would "err on the side of caution and remand for further proceedings." (Doc. # 25 at 3)

In considering the attorney fee issue, the Court has reviewed the entire administrative record in an effort to consider, in context, its comments that this was a close case and for the further purpose of determining whether the Commissioner's position had a reasonable basis in law and fact.  First, it is clear that the ALJ recognized that claimant was alleging disability, in part, based upon mental limitations. (See doc. # 5-3 at 59 ("You've alleged a mental impairment as well."))  The ALJ's decision further indicated that one of plaintiff's severe impairments was the "residual effects of cerebrovascular accident (stroke) …" (Doc. # 5-3 at 13)  The record contained statements from third parties, such as plaintiff's daughter, who had observed the impact of that stroke on plaintiff.  For example, it was reported that plaintiff needed help with his medications, forgot where he was going and suffered instances of slurred speech. (Doc. # 5-7 at 83-86)  Plaintiff testified that since his stroke, he could not recall written or verbal instructions, needed reminders to complete chores, and could not drive because he would forget where he was

---

[1]The government recognizes that it has the burden of proving that its position was substantially justified. (Doc. # 25 at 2)

going. (Doc. # 5-7 at 22, 100) He also could not remember to take his medication. (Doc. # 5-7 at 100)

The ALJ cited Dr. Kaspar's note that there was a suggestion of cognitive deficits, but that no objective testing had been done. (Doc. # 5-3 at 14) However, the records clearly demonstrated that in 2009, claimant was referred for neuropsychological testing and evaluation, and that at least two hours of testing were conducted. (Doc. # 5-10 at 34-35) Dr. Jones also raised the question of whether plaintiff's cognitive disorder could be due to some of his medications.

Plaintiff argues that the ALJ had a duty to fully develop the record and should have re-contacted the VA Hospital to clarify or obtain the results of that testing before finding his cognitive impairments to be medically non-determinable or non-severe. (Doc. # 15 at 3) The Court remanded the case so that further inquiry could be made concerning these cognitive test results, however, it was unclear whether the ALJ recognized plaintiff's cognitive disorders as a severe impairment. The plaintiff's supplemental briefing assumes that the ALJ found plaintiff's cognitive deficits to be non-severe. (See doc. # 15 at 2-3) However, the ALJ found that plaintiff had the severe impairment of "<u>residual effects</u> of cerebrovascular accident (stroke)…" (emphasis added). Thus, it was unclear, what "residual effects" from the stroke the ALJ was referring to, if not the cognitive disorders. Further, it is unclear what, if any, limitations were included in the RFC to take into account the "residual effects" from plaintiff's stroke. It is well recognized that the RFC must take into account all impairments (severe and non-severe) and should describe how it takes into account plaintiff's limitations. <u>See</u> 20 CFR § 404.1545; <u>Christoffel v. Colvin</u>, 2013 WL 4788095, *5 (N.D. Ind. Sept. 9, 2013).

3

Given the record in its totality, the remand was necessitated because of the failure of the Agency to follow well established regulations and case law. Thus, despite the Court's off-hand comments about the case, a review of the entire record reflects that the Commissioner's position was not substantially justified.

## II. REASONABLENESS OF THE ATTORNEY FEE REQUEST

Alternatively, defendant requests that the fees requested be reduced by 27.75 hours, the amount of time plaintiff's counsel spent drafting the initial brief and preparing for the first oral argument. (Doc. # 25 at 5) The initial brief focused on plaintiff's physical complaints. As a result of issues raised during oral argument, the Court ordered further briefing on issues related to plaintiff's mental impairments and ultimately reversed and remanded for further consideration of plaintiff's cognitive issues.

Citing Judge Smith's opinion in Evans v Astrue, No. 11-1249-CV-SW-ODS (W.D. Mo. May 29, 2012), defendant argues that it is not appropriate to include time spent on a failed effort in an EAJA attorney fee award. (Doc. # 25 at 5) However, the situation in Evans is not analogous to this case. In Evans, after the filing of an answer and the administrative record, but prior to plaintiff filing a brief, the Commissioner asked that the case be remanded to further develop the record. Plaintiff opposed a remand arguing that rather than a remand, he was seeking an outright reversal of the ALJ's decision and an award of benefits. After considering plaintiff's brief, the court concluded that plaintiff had not established an entitlement to an award of benefits and granted the Commissioner's original motion to remand. In this circumstance, the court noted that plaintiff was already the prevailing party before counsel expended any effort in filing a brief. Thus, the court approved only half of the attorney fees sought by plaintiff.

In this case, twenty-one pages of plaintiff's initial brief dealt with a summary of the medical evidence, hearing testimony and the ALJ decision. This information was relevant to the arguments presented both in the initial and subsequent briefing. Further, the Court frequently reverses and remands a case based on only one argument, even though multiple reasons for reversing and remanding have been presented by a plaintiff. In those cases, the Commissioner has not argued that fees should be awarded only for briefing those arguments that were successful nor has the Court reduced the amount awarded in fees on this basis. Significantly, courts have been directed to consider the litigation as a whole in determining an award of fees. See Commissioner, INS v. Jean, 496 U.S. 154, 161-62 (1990)("While the parties' positions on individual matters may be more or less justified, the EAJA–like other fee-shifting statutes--favors treating a case as an inclusive whole, rather than as an atomized line-items."). This Court is of the opinion that plaintiff's counsel should not be penalized for developing fully all possible arguments.

For the reasons discussed, it is

ORDERED that plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act, doc. # 22, is granted. Attorney fees in the amount of $7,155.20 are awarded to plaintiff. It is further

ORDERED that plaintiff shall be reimbursed $350.00 for the United States District Court filing fee from the Judgment Fund administered by the United States Treasury Department.

                                          */s/ Sarah W. Hays*
                                          SARAH W. HAYS
                                 UNITED STATES MAGISTRATE JUDGE